**PORTER v. DENHOLM PACKING CO.**
Civ. A. No. 5639.

District Court, W. D. Pennsylvania.
April 17, 1946.

Thomas F. Garrahan, Samuel Chertoff, and R. G. Flannery, all of Pittsburgh, Pa., for plaintiff.

No appearances for defendant.

GIBSON, District Judge.

And now, to wit, this 17th day of April, 1946, the court being in receipt of the attached stipulation by and between counsel for plaintiff and counsel for defendant makes the following Findings of Fact, Conclusions of Law and Order:

### Findings of Fact

1. The defendant, Denholm Packing Company, a corporation, is and was at the time mentioned in the complaint engaged in the business of operating a wholesale establishment at 6670 Transit Way, Pittsburgh, Pennsylvania, and in conducting said business buys, slaughters and sells cattle.

2. The defendant is cognizant of the existence of Maximum Price Regulation No. 574 issued by the Office of Price Administration.

3. Maximum Price Regulation No. 574 issued by the Office of Price Administration provides that the defendant may not pay for live cattle bought or received during an accounting period an amount in excess of the amount fixed by said regulation during such accounting period.

4. Maximum Price Regulation No. 574 issued by the Office of Price Administration provides that the defendant may not pay for cattle slaughtered by an operator during each accounting period an amount in excess of the amount fixed by said regulation during such accounting period.

5. The defendant, Denholm Packing Company, a corporation, during the accounting period from December 3, 1945 to December 29, 1945, purchased, slaughtered and sold 256 head of cattle. The cost of the cattle slaughtered was $36,573.50 and the maximum permissible payment as computed under Maximum Price Regulation No. 574 was $35,774.81.

6. The defendant, during the accounting period from December 31, 1945 to January 26, 1946, purchased, slaughtered and sold 329 head of cattle. The cost of the cattle slaughtered was $49,616.91 and the maximum permissible payment as computed under Maximum Price Regulation No. 574 was $47,891.58.

7. The defendant, during the accounting period from January 28, 1946 to March 3, 1946, purchased, slaughtered and sold 524 head of cattle. The cost of the cattle slaughtered was $82,926.06 and the maximum permissible payment as computed under Maximum Price Regulation No. 574 was $81,411.40.

8. The defendant did not pay over the over-riding ceiling price at any time.

### Conclusions of Law

1. The Court has jurisdiction over the proceedings pursuant to Section 205 (a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

2. The Court has jurisdiction over the parties hereto by virtue of Section 205 (c) of the Act.

3. The defendant has violated one of the provisions of Maximum Price Regulation No. 574.

4. The violations of the said regulation by the defendant were not wilful and purchases made by the defendant were in good faith, with no intention of violating said regulation.

5. The actions of the defendant were the result of failure to take practicable precautions in that upon the slaughtering of said cattle, they failed to grade out as the defendant in good faith believed they would do.

### Order

And now, to wit, this 17th day of April, 1946, the injunctive relief prayed for by the Government is presently denied, provided, however, that said proceedings shall remain on the docket in the Office of the Clerk of Courts with the right given to the Administrator of the Office of Price Administration upon reasonable notice being given to the defendant that violations of the Act

have been resumed, to again apply to the Court for injunctive relief, at which time additional and appropriate consideration will be given the facts which will then be presented.

The defendant is directed to pay the costs which have accrued to date in connection with each of said proceedings.